**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**Civil Case Number:** _____

Robert A. Nolasco,

                Plaintiff,

vs.

CKS Financial,

                Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Robert A. Nolasco, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robert A. Nolasco ("Plaintiff"), is an adult individual residing in Winter Park, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, CKS Financial ("CKS"), is a Virginia business entity with an address of 505 Independence Parkway, Suite 300, Chesapeake, Virginia 23320, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to CKS for collection, or CKS was employed by the Creditor to collect the Debt.

9. CKS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CKS Engaged in Harassment and Abusive Tactics

10. In or around April 2021, CKS began contacting Plaintiff in an attempt to collect the Debt.

11. On or about April 20, 2021, CKS threated to sue Plaintiff if an immediate payment was not made towards the Debt.

12. Such threat overshadowed Plaintiff's right to dispute the Debt.

13. Plaintiff did not make a payment towards the Debt.

14. CKS did not take legal action against Plaintiff as threatened.

15. CKS' actions caused Plaintiff a great deal of confusion, stress and anxiety.

### C. Plaintiff Suffered Actual Damages

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that could not legally be taken or that was not intended to be taken.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant overshadowed Plaintiff's right to dispute a debt within thirty days.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

29. The Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as though fully stated herein.

30. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

31. The Defendant claimed, attempted, or threatened to enforce a debt when such person knew that the debt was not legitimate or asserted the existence of some other legal right when such person knew that the right did not exist, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9).

32. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 28, 2021

                              Respectfully submitted,

                      By     */s/ Sergei Lemberg*

                              Sergei Lemberg, Esq.
                              FL Bar No.: 1026228
                              LEMBERG LAW, LLC
                              11555 Heron Bay
                              Boulevard, Suite 200
                              Coral Springs, FL 33076
                              Telephone: (203) 653-2250
                              Facsimile: (203) 653-3424
                              E-mail: slemberg@lemberglaw.com